STEPHEN M. JUDSON #121579
DONALD NGUYEN #245979
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Email: sjudson@fablaw.com; dnguyen@fablaw.com

Attorneys for Plaintiff
Peterson Power Systems, Inc.

E-filing

FILED
MAY 2 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Fee Pd.
Iss

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PETERSON POWER SYSTEMS, INC., a California corporation,

Plaintiff,

vs.

The Vessel HALI, its engines, tackle, licenses and appurtenances, Official Number 500326, in rem, and TRUNG D. VO, individually and dba HALI SPORT FISHING,

Defendants.

Case No.: C08-02597 JL

COMPLAINT FOR FORECLOSURE OF MARITIME LIEN AND FOR DEFICIENCY

ADR

Plaintiff alleges:

### PARTIES AND JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and the court has jurisdiction pursuant to 28 U.S.C. §1333.

2. Plaintiff PETERSON POWER SYSTEMS, INC. ("PETERSON") is a corporation, duly organized and existing according to the laws of the State of California, with an office and principal place of business at 2828 Teagarden Street, San Leandro, California 94577.

3. The Vessel HALI (the "Vessel") is a documented vessel of the United States, Official Number 500326, and is now or during the pendency of process will be afloat upon waters within this district.

4.  Defendant TRUNG D. VO ("VO") is an individual doing business as HALI SPORT FISHING at 1397 Castro Street, San Leandro, California 94577. VO is the owner, operator, and manager of the Vessel.

### FIRST CLAIM FOR RELIEF

5.  On or about November 15, 2006, Defendant VO requested replacements to the Vessel's two existing engines. In conjunction with the replacement of the Vessel's two existing engines, Defendant VO purchased two new engines for Vessel from Plaintiff and requested that Plaintiff provide the labor and parts necessary to install the two new engines for Vessel.

6.  Beginning in or about November 2006 through February 2007, Plaintiff PETERSON provided the requested services, which included replacement of Vessel's two engines and the purchase and installation of two new engines for Vessel for which a principal balance remains unpaid in the amount of $99,920.00.

7.  The repairs, parts, and labor were furnished upon order of the owner of the Vessel, Defendant VO.

8.  The repairs, parts, and labor were necessary for the continued operation of the Vessel.

9.  Payment of the sum of $99,920.00 remains due and owing to Plaintiff, despite due demand.

10. Plaintiff is entitled to a maritime lien upon the vessel HALI for the full amount it is owed, plus interest and costs.

WHEREFORE, Plaintiff prays judgment as set forth below.

### SECOND CLAIM FOR RELIEF

11. On or about November 15, 2006, Defendant VO and Plaintiff for good consideration entered into a written contract for the replacement of two existing engines of the vessel HALI and for the purchase and installation of two new engines into the vessel HALI. Plaintiff agreed to perform the services, namely replacing the two existing engines and providing repairs, labor, and parts for the two new engines purchased, and Defendant VO agreed to pay Plaintiff's reasonable charges for the replacement of the existing engines and the repairs,

1  labor, and parts for the two new engines on the HALI. A true and correct copy of the contract is
2  attached hereto, marked Exhibit A, and is incorporated herein by this reference.
3       12.   Plaintiff has performed all the obligations on its part to be performed, and all
4  conditions and obligations of Defendant VO to pay for Plaintiff's services have occurred or been
5  waived. The reasonable value of the repairs, labor, and parts provided by Plaintiff pursuant to
6  the contract is $99,920.00. Despite repeated requests to do so, Defendant VO has failed and
7  refused to pay the balance.
8       13.   The contract between Plaintiff and Defendant VO stated that in the event legal
9  action is necessary to enforce any of the terms of the contract, the prevailing party shall be
10 entitled to recover reasonable attorneys' fees and costs.
11      14.   In the event that the proceeds of the sale of the vessel HALI are insufficient to
12 satisfy Plaintiff's judgment, Plaintiff demands a judgment against Defendant VO for the
13 deficiency.
14      WHEREFORE, Plaintiff prays:
15      1.    That a warrant of arrest issue against the vessel HALI;
16      2.    That the court enters judgment in its favor for the full amount of its maritime lien
17 claims, plus interest, costs, expenses related to the arrest of the vessel HALI, and attorneys' fees;
18      3.    That the vessel HALI be sold pursuant to the practices of this court sitting in
19 admiralty and that Plaintiff's claims be paid from the funds realized at such sale;
20      4.    That the court enters judgment against Defendant VO for any deficiency,
21 including interest, costs, expenses related to the arrest of the vessel HALI, and attorneys' fees;
22 and
23      5.    That the court enters such other and further relief in Plaintiff's favor as seems just
24 and proper.

Dated: 4/14, 2008

FITZGERALD ABBOTT & BEARDSLEY LLP

By /s/ Stephen M. Judson
Stephen M. Judson
Attorneys for Plaintiff
Peterson Power Systems, Inc.

## VERIFICATION

I, Eric Martin, am Executive Vice President/General Manager of the Plaintiff and I make this verification on its behalf in such capacity.

I have read the foregoing **COMPLAINT FOR FORECLOSURE OF MARITIME LIEN AND FOR DEFICIENCY**, and the information therein is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Leandro, California, on 4/14, 2008

_____
Eric Martin

---

4
COMPLAINT FOR FORECLOSURE OF MARITIME LIEN AND FOR DEFICIENCY
3/27/08 (25281) #297966.1

| PETERSON TRACTOR CO. | | PETERSON POWER SYSTEMS, INC. |
|---|---|---|
| SAN LEANDRO (510) 357-6200 | | SAN LEANDRO (510) 895-8400 |
| CHICO (530) 343-1911 | | www.petersonpower.com |
| EUREKA (707) 443-1653 | | |
| REDDING (530) 243-5410 | | |
| SAN MARTIN (408) 686-1196 | | |
| SANTA ROSA (707) 576-1616 | | |
| WILLITS (707) 459-9006 | | |
| WILLOWS (530) 934-8839 | | |
| www.petersontractor.com | | № 040101 |



## EQUIPMENT ORDER & PURCHASE AGREEMENT

STORE: 24    SALESMAN: Brett Greene    ☒ NEW  ☐ USED

**SOLD TO:**
- BUSINESS NAME: Hali Sport Fishing
- BILLING ADDRESS: 1397 Castro St, San Leandro, 94577
- CUSTOMER ORDER NO.: 
- DATE OF ORDER: 11/15/06

**SHIP TO:**
- NAME: Peterson Power Systems
- DELIVERY ADDRESS: 2828 Teagarden St, San Leandro, 94577
- VIA: Will Call - San Leandro
- DATE WANTED: 02/20/07
- DATE SHIPPED:
- ☐ PREPAID  ☐ COLLECT  ☒ CALL
- SHIPPING ORDER NO.:

The Undersigned Purchaser (if more than one, jointly and severally) having been quoted both a time and a cash price, hereby purchases and undersigned Seller hereby sells, subject to the terms and conditions set forth on both sides hereof, the following described Equipment, herein further called the Collateral:

| FOR P.T. CO. USE ONLY SERIAL NO. | ID NO. | QTY. | DESCRIPTION | CASH PRICES |
|---|---|---|---|---|
| | NE8304 | 1 | C9 ACERT MARINE ENGINE - 510 MHP P.M. | 49,960 |
| | NE8305 | 1 | C9 ACERT MARINE ENGINE - 510 MHP STBD | 49,960 |
| | | | Quotation Attached PMG060067-1 | |

**TOTAL CASH PRICE (U.S. DOLLARS) F.O.B.    U.S.A.    99,920.00**

☒ If applicable, and so noted herein, the products listed above are covered by the following manufacturer's or other, Warranty Statement(s) ONLY, (_____), a copy of which is enclosed herewith, and the receipt of which is hereby acknowledged by Purchaser.

☒ **TERMS DESIRED:** (Subject to Credit Approval)
☐ Balance on Conditional Sale Contract-Security Agreement.
☐ Rental with ___/___ Guaranteed.   ☐ Rental with Residual: ___/___ Guaranteed.

Trade-in (if any) _____ (Make) _____ (Model) _____ (Serial No.)
Trade Allowance $ _____ Cash with Order $ _____ Cash on Delivery $ _____
Unpaid Balance of $ _____ Payable: _____

☐ Time Price Differential Rate of ____% per annum on unpaid balance.
☐ Interest of ____% per annum on the diminishing balances, until maturity and 10% per annum after maturity until paid; but not to exceed the highest legal contract rate permissible in the State of California.
☐ Customer desires Peterson place All Risk Insurance for customer's account.
☐ Customer will cover through _____ with _____ Insurance Company

☒ **WARRANTY:** It is understood that no other warranties of any kind, whether expressed or implied, including any warranty of merchantability or fitness for a particular purpose, are or have been made or authorized by Peterson Tractor Co. with respect to any machinery, equipment or other products described herein unless endorsed herein and signed by the parties hereto. No adjustments, repair or replacements of any items sold hereunder, or assistance given by seller to buyer in connection with same, shall be deemed to be a waiver of any of the provisions of the aforesaid warranty.

☒ **ADDITIONAL TERMS:** THE TERMS AND CONDITIONS HEREIN SET FORTH INCLUDING ALL TERMS AND CONDITIONS SET FORTH ON THE BACK HEREOF WHICH ARE HEREBY INCORPORATED HEREREIN, ARE AGREED TO BY PURCHASER AND SELLER AND PURCHASER ACKNOWLEDGES THAT HE HAS FULLY READ THIS AGREEMENT, BOTH FRONT AND BACK PAGES, AND ASSENTS TO ALL OF ITS TERMS AND CONDITIONS.

PETERSON TRACTOR CO. (Seller)     Customer: TRUNG V/O
By: Brett Greene                  By: _____
Title: Sales Engineer             By: _____
Date: 12/12/2006                  Date: 12/12/06

FORM #15 4/06   ORIGINAL—WHITE (Dealer Copy)   YELLOW—CUSTOMER COPY   PINK—SALES DEPT. COPY   GOLDENROD—SALESMAN COPY

5. The seller reserves the right to accept or reject this order and shall not be required to give any reason for non-acceptance.

6. This order when accepted by seller shall become a binding contract but shall be subject to strikes, lockouts, accidents, fire, delays in manufacture or transportation, acts of God, embargoes, or government action or any other causes beyond the control of the seller whether the same as or different from the matters and things herein before specifically enumerated; and any of said causes shall absolutely absolve the seller from any liability to the purchaser under the terms hereof.

   This order when accepted by seller shall be further subject to such changes in price, terms, delivery date, delivery priorities, and other conditions varying from the terms herof as may be current when the within ordered machinery, equipment, attachments, and parts are ready for delivery.

7. It is understood and agreed that title to and right of possession of said equipment shall remain vested in seller until all obligations of purchaser hereunder and payment of all other sums which may be due or are to become due from purchaser to seller, whether evidenced by notes, book account, judgment, or otherwise, shall have been fully paid at which time ownership shall pass to the purchaser.

8. The seller's responsibility for shipments ceases upon delivery to a transportation company; and any claims for shortages, delays, or damages occurring thereafter shall be made by the purchaser directly to the transportation company. Any claims against the seller for shortages in shipments shall be made within fifteen days after receipt of shipment.

9. The purchaser agrees that this order shall not be countermanded by him, that when it is accepted (and until the execution and delivery of the contract or contracts and note or notes required to consummate the sale as above specified), it will cover all agreements between the parties relative to this transaction, and that the seller is not bound by any representations or terms made by any agent relative to this transaction which are not embodied herein.

10. When the machines necessary to fill this order are available, the purchaser agrees on demand to execute and deliver to the seller such notes and contracts as may be required by the seller to evidence the transaction. In the event that the purchaser fails to execute and deliver said notes and contracts to the seller, the entire balance of the purchase price shall at the seller's option become immediately due and payable.

11. The seller shall not be held liable or responsible for any costs or expenses or for any damages on account of personal injuries or injuries to property or otherwise, suffered or sustained in the operation of any machinery or equipment, the subject of this order, nor for any damages alleged to result to purchaser by reason of any delays or alleged failure of said machinery or equipment to operate.

12. The purchaser agrees that damages arising from failure to consummate the sale contemplated by this agreement may be difficult to measure and that a reasonable measure of damages will be the difference between the price set forth herein and the amount for which the equipment can be sold to another party, plus any costs, charges, and related expenses that may be incurred by the seller to hold, store, and maintain the equipment until a sale can be made.

13. Purchaser and seller agree that in the event it becomes necessary to undertake legal action to enforce any of the terms of this agreement, the prevailing party shall be entitled to recover reasonable attorney's fees and costs. "It is agreed by and between the customer and Peterson Tractor Co. that all disputes and matters whatsoever arising under, in connection, or incident to this agreement shall be litigated, if at all, in and before a Court located in the State of California, U.S.A., to the exclusion of the Courts of any other state or country."