1  STEPHEN M. JUDSON #121579
   DONALD NGUYEN #245979
2  FITZGERALD ABBOTT & BEARDSLEY LLP
   1221 Broadway, 21st Floor
3  Oakland, California  94612
   Telephone: (510) 451-3300
4  Facsimile: (510) 451-1527
   Email: sjudson@fablaw.com; dnguyen@fablaw.com
5
   Attorneys for Plaintiff
6  Peterson Power Systems, Inc.

7

8              UNITED STATES DISTRICT COURT FOR THE

9                NORTHERN DISTRICT OF CALIFORNIA

10 PETERSON POWER SYSTEMS, INC., a         Case No.: C08-02597-JL
   California corporation,
11
              Plaintiff,                   PLAINTIFF PETERSON POWER
12                                         SYSTEMS, INC.'S SEPARATE CASE
        vs.                                MANAGEMENT STATEMENT
13
14 The Vessel HALI, its engines, tackle, licenses   Date:   August 27, 2008
   and appurtenances, Official Number 500326,       Time:   10:30 a.m.
15 in rem, and TRUNG D. VO, individually and
   dba HALI SPORT FISHING,
16
              Defendants.
17

18       Pursuant to Local Rule 16-9(a), Plaintiff PETERSON POWER SYSTEMS, INC. hereby

19 submits its separate Case Management Statement.

20                        **JURISDICTION AND SERVICE**

21       This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal

22 Rules of Civil Procedure, and the court has jurisdiction pursuant to 28 U.S.C. §1333.  The court

23 also has subject matter jurisdiction under 28 U.S.C. §1367 over the claim against Defendant

24 VO.  No issues exist as to personal jurisdiction and venue.  No parties remain to be served.  On

25 June 12, 2008, Defendant VO was properly served with the summons, complaint and

26 accompanying court documents in this case.  PETERSON filed the certificate of service with the

27 court on July 2, 2008.

28

                                            1

1

### FACTS

2      On or about November 15, 2006, Defendant VO requested replacement and repairs to

3   the Vessel's two existing engines.  In conjunction with the replacement of the Vessel's two

4   existing engines, Defendant VO purchased two new engines for the Vessel from Plaintiff and

5   requested that Plaintiff provide the labor and parts necessary to install the two new engines for

6   the Vessel.

7      Beginning in or about November 2006 through February 2007, Plaintiff PETERSON

8   provided the requested services, which included replacement of the Vessel's two engines and the

9   purchase and installation of two new engines for the Vessel for which a principal balance

10  remains unpaid for $99,920.00.  The repairs, parts, and labor were furnished upon order of the

11  owner of the Vessel, Defendant VO, and were necessary for the continued operation of the

12  Vessel.  Payment of the sum of $99,920.00 remains due and owing to Plaintiff, despite repeated

13  due demands.

14     There are no factual issues in dispute.  According to the contract's terms, Plaintiff

15  PETERSON sold and installed two engines for Defendant VO for the Vessel.  Defendant VO

16  agreed to pay Plaintiff PETERSON $99,920.00.  To date, Defendant VO has not paid Plaintiff

17  PETERSON.

18     Defendant VO did not answer this complaint.  On July 22, 2008, at Plaintiff's request,

19  the clerk entered default against Defendant VO.

20

### LEGAL ISSUES

21     An *in rem* action against the vessel itself to execute a maritime lien is within the

22  exclusive jurisdiction of the federal court.  The primary federal statues governing the

23  enforcement of maritime liens are 46 U.S.C. §§ 31341-31343.  Under these statues, claims

24  giving rise to maritime liens include claims by materialmen for repairs.  The Eleventh Circuit

25  held that the replacement of a ship's engine in its entirety is repair work for which maritime law

26  governed.  *Diesel "Repower," Inc. v. Islander Investments., Ltd.*, 271 F.3d 1318 (11th Cir. 2001).

27

### MOTIONS

28

2

1    There are no pending motions before the court.

2                              **AMENDMENT OF PLEADINGS**

3    Plaintiff PETERSON does not anticipate amending its pleadings.

4                              **EVIDENCE PRESERVATION**

5    Plaintiff PETERSON has taken steps to preserve the evidence relating to this case.

6                                    **DISCLOSURES**

7    Plaintiff PETERSON did not perform the initial disclosure requirement because

8    Defendant VO failed to file a responsive pleading to PETERSON'S Complaint, and

9    subsequently, PETERSON requested and the court granted entry of default against Defendant

10    VO.

11                                     **DISCOVERY**

12    Plaintiff PETERSON has not conducted any discovery to date and does not anticipate

13    conducting discovery due to Defendant VO's default.

14                                       **RELIEF**

15    By its complaint, Plaintiff PETERSON seeks: (1) a warrant of arrest issue against the

16    vessel HALI; (2) judgment in its favor for the full amount of its maritime lien claims for

17    $99,920.00, plus interest, costs, expenses related to the arrest of the vessel HALI, and attorneys'

18    fees; (3) the vessel HALI be sold pursuant to the practices of this court sitting in admiralty and

19    that Plaintiff's claims be paid from the funds realized at such sale; and (4) the court enters

20    judgment against Defendant VO for any deficiency, including interest, costs, expenses related to

21    the arrest of the vessel HALI, and attorneys' fees.  Damages are calculated based on the parties'

22    written contract.

23                                **SETTLEMENT AND ADR**

24    Plaintiff PETERSON has not filed a Stipulation and Proposed Order selecting an ADR

25    process because Defendant VO is in default.  Because of the non-appearance by Defendant VO

26    (other than a letter addressed to Judge Larson) and the entry of default against him, the F.R.C.P

27    Rule 26(f) conference did not occur.  The parties have not met nor made any agreements with

28

3

1 | respect to an ADR process.

2 | **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

3 | On July 2, 2008, Plaintiff PETERSON filed its consent to proceed before Magistrate

4 | Judge Larson in this case.

5 | **TRIAL SCHEDULING**

6 | Plaintiff PETERSON is not requesting a trial date due to Defendant VO's default.

7 | PETERSON expects to file a Request for Default Judgment against Defendant VO within the

8 | next few weeks. At the same time, PETERSON is currently seeking an appropriate custodian

9 | for the Vessel HALI following its arrest, potential buyers of the Vessel, and potential additional

10 | lien claimants.

11 |

12 | Dated: August 21 , 2008    FITZGERALD ABBOTT & BEARDSLEY LLP

13 |

14 | By Stephen M. Judson
Stephen M. Judson
Attorneys for Plaintiff

15 | Peterson Power Systems, Inc.

PLAINTIFF PETERSON POWER SYSTEMS, INC.'S SEPARATE CASE
MANAGEMENT STATEMENT    CASE NO.: C08-02597-JL
8/19/08 (25281) #314685.1

**PROOF OF SERVICE - F.R.C.P. §5**

I, the undersigned, declare: I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action. I am employed by Fitzgerald Abbot & Beardsley LLP, located at 1221 Broadway, 21st Floor, Oakland, CA 94612.

On **August 2/, 2008**, I served a true and correct copy of the following document(s):

PLAINTIFF PETERSON POWER SYSTEMS, INC.'S SEPARATE CASE MANAGEMENT STATEMENT

on the following interested parties, by causing service by the method indicated below:

| | |
|---|---|
| Trung Vo, individually and dba Hali Sport Fishing<br>1397 Castro Street<br>San Leandro, CA 94577<br><br>***Defendant*** | |

| | |
|---|---|
| ☑ | U.S. Mail - By placing a copy of said document(s) in a sealed envelope addressed as stated above, with postage thereon fully prepaid, and depositing said envelope today with the U.S. Postal Service, following this firm's business practices. |
| | Overnight Delivery - By placing a copy of said document(s) in a sealed pre-paid overnight envelope or package and depositing said envelope or package today in a box or other facility regularly maintained by the express service carrier, following this firm's business practices. |
| | Personal Service - By personally delivering said documents(s) in an envelope or package clearly labeled to identify the attorney/party located at the office(s) of the addressee(s) stated above. |
| | Facsimile - By placing a true copy thereof into a facsimile machine to the fax number stated above, as agreed upon, in writing, by the parties. |

I declare under the penalty of perjury under laws of the State of California that the foregoing is true and correct. Executed on August 2/, 2008 at Oakland, California.

Susan Justice
_____
Print Name of Person Who Served Papers

_____
Signature of Person Who Served Papers

PLAINTIFF PETERSON POWER SYSTEMS, INC.'S SEPARATE CASE
MANAGEMENT STATEMENT    CASE NO.: C08-02597-JL
8/19/08 (25281) #314685.1